IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 25–cv–00307–RMR–MDB

CAROL MARTINEZ,

    Plaintiff,

v.

JOHN BISHOP,

    Defendant.

---

## ORDER

---

This matter is before the Court on Plaintiff's Motion to Transfer Action to the U.S. District Court for the District of Arizona. (["Transfer Motion"], Doc. No. 29.) Defendant has filed a response in opposition (Doc. No. 31) to which Plaintiff has replied (Doc. No. 32.) After reviewing the Transfer Motion, briefing, and relevant law, the Court **ORDERS**[1] that the Transfer Motion is **GRANTED**.

### BACKGROUND

*Factual Allegations*

---

[1] "A number of courts have held ... that a motion to transfer venue does not have a dispositive effect, even if granted." *Hubbard v. Argent Mortg. Co., LLC*, 2016 WL 4537869, at *3 (D. Colo. Aug. 31, 2016) (collecting cases). "Similar to a motion to remand, a motion related to venue 'is concerned only with which court will hear the claims and defenses, not with resolving the merits of those claims and defenses.'" *Clarendon Nat'l Ins. Co. v. Glickauf*, 2019 WL 7168657, at *2 (D. Colo. Dec. 23, 2019) (quoting *Wachovia Bank, N.A. v. Deutsche Bank Tr. Co. Ams.*, 397 F. Supp. 2d 698, 702 (W.D.N.C. 2005)). Because this court's ruling is not dispositive of any Party's claim or defense, the court proceeds by Order rather than by recommendation.

This case arises out of an ownership dispute over a Cessna 172 E airplane (the "Cessna"). Plaintiff is the sister and heir to John B. Clark Jr. (Doc. No. 1 at ¶ 15.) According to Plaintiff, Mr. Clark purchased the Cessna on July 11, 2021, for $115,000. (*Id.* at ¶ 8.) Plaintiff alleges Mr. Clark then allowed Defendant to "temporarily possess" the Cessna and use it to accumulate the flying hours necessary to obtain his pilot's license. (*Id.* at ¶ 9.) Plaintiff says Defendant took possession of the Cessna in September 2021, and was "supposed" to bring it from Arizona to Colorado for some unspecified period. (*Id.* at ¶¶ 10–11.)

Mr. Clark died on August 5, 2023, while living in El Paso County, Colorado. (*Id.* at ¶ 13.) According to Plaintiff, though Defendant still had possession of the Cessna at the time of Mr. Clark's death, Mr. Clark never sold the Cessna to Defendant and always intended for Defendant's possession of the Cessna to be temporary. (*Id.* at ¶¶ 12, 21–22.)

Plaintiff was appointed the personal representative of Mr. Clark's estate on September 12, 2023. (*Id.* at ¶¶ 16–17.) In that capacity, Plaintiff "began locating and logging" Mr. Clark's assets, and located the Cessna by reviewing the Federal Aviation Administration's ("FAA") database. (*Id.* at ¶¶ 18–20.) According to Plaintiff, the FAA database reflects a sale of the Cessna on August 9, 2023—just four days after Mr. Clarks' death—to someone in Arizona.[2] (*Id.* at ¶ 20.)

Plaintiff's counsel sent a letter to Defendant on January 16, 2024, demanding $115,000 for wrongful conversion of the Cessna. (*Id.* at ¶ 25.) Defendant allegedly responded by denying conversion occurred. (*Id.* at ¶ 26.) According to Plaintiff, Defendant stated that the FAA lost the "initial transfer paperwork" when Mr. Clark purchased the Cessna. (*Id.*) Defendant further

---

[2] The listed name is, "Sale Reported" and the address is 35107 N. 10th Way, Phoenix, AZ 85086.

claimed that the Cessna's previous owner reached out to Defendant about the Cessna's registration, and later advised the FAA that Defendant was the owner. (*Id.* at ¶¶ 27–28.) Plaintiff says Defendant refuses to return the Cessna to Mr. Clark's estate or pay fair market value. (*Id.* at ¶ 32.)

***Pending Motions***

Defendant has moved to dismiss this action under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. (["Dismissal Motion"], Doc. No. 11.) Defendant, an Arizona citizen, argues he lacks sufficient minimum contacts with Colorado to be sued here. (*Id.* at 7–8.) Defendant alternatively argues that even if the Court has personal jurisdiction over him, the case should nevertheless be dismissed under Rule 12(b)(3) due to improper venue. (*Id.* at 8–9.)

Plaintiff opposes dismissal, contending that Colorado is a proper venue and that Defendant has sufficient contacts with the state to support the exercise of personal jurisdiction. (Doc. No. 12 at 5–9.) In the alternative, Plaintiff argues that, if the Court were to find personal jurisdiction or venue lacking, the appropriate remedy is transfer—rather than dismissal—to the District of Arizona. (*Id*. at 9–10.) Consistent with that position, and after the Dismissal Motion was fully briefed, Plaintiff filed the instant Transfer Motion, expressly requesting that this action be transferred to the District of Arizona. (Doc. No. 29.) In the Transfer Motion, Plaintiff maintains that she does not concede the absence of personal jurisdiction in this Court, but nevertheless asserts that transfer to the District of Arizona would "benefit all parties and serve the interests of justice." (*Id*. at 2.)

Defendant opposes the Transfer Motion, arguing the Court should first rule on the Dismissal Motion. (Doc. No. 29 at 2–5.) Defendant further appears to argue that he has been prejudiced by Plaintiff's initial decision to bring this suit in Colorado, only for Plaintiff to later agree that the case would be best heard in Arizona. (*Id.* at 3–4.)

**LEGAL STANDARD**

Under 28 U.S.C. § 1404(a), a district court may transfer an action "[f]or the convenience of parties and witnesses, [and] in the interest of justice, ... to any other district or division where it might have been brought." See *Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167-75 (10th Cir. 2010) (applying § 1404(a) to a transfer between one federal district court in the United States to another). The ultimate decision to transfer an action lies in the sole discretion of the district court and should be based on an "individualized, case-by-case consideration of convenience and fairness." *Galvin v. McCarthy*, 545 F. Supp. 2d 1176, 1182 (D. Colo. 2008) (quoting *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991)).

To determine whether transfer is appropriate under § 1404(a), courts consider a number of public- and private-interest factors. *Atl. Marine Constr. Co.*, 571 U.S. at 62-63. Private-interest factors include the plaintiff's choice of forum; the convenience of the witnesses; the accessibility of witnesses and other sources of proof; the possibility of obtaining a fair trial; and all other considerations of a practical nature that make a trial easy, expeditious and economical. *Chrysler Credit Corp.*, 928 F.2d at 1516. Public-interest factors include: docket congestion; the local interest in having localized controversies decided at home; problems related to the conflict of laws; the advantage of having a local court determine questions of local law;

and judicial efficiency and economy. *Texas Gulf Sulfur Co. v. Ritter,* 371 F.2d 145, 147 (10th Cir. 1967). The district court then weighs the relevant factors and decides whether, on balance, a transfer would service "the convenience of parties and witnesses" and otherwise promote "the interest of justice[.]" § 1404(a).

## ANALYSIS

The procedural posture of this case is atypical and informs the Court's analysis. Defendant has moved to dismiss on grounds that this Court lacks personal jurisdiction over him and that venue in Colorado is improper. (Doc. No. 11.) Plaintiff disputes those contentions, but nevertheless requests transfer to the District of Arizona. Defendant, however, opposes transfer and urges the Court to first resolve the Dismissal Motion.

Defendant's positions are difficult to square. By asserting that this Court lacks personal jurisdiction and is an improper venue, Defendant maintains this case should not proceed in Colorado at all. Yet in opposing transfer, Defendant effectively asks the Court to retain the case long enough to adjudicate threshold issues that would be rendered irrelevant by transfer to a forum where jurisdiction and venue are proper. The Court rejects that approach.

Defendant is an Arizona citizen, and the exercise of personal jurisdiction over him in Arizona is unquestionable. *See Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358–59 (2021) ("[A]n individual is subject to general jurisdiction in her place of domicile."). Venue would therefore be proper in that district. *See* 28 U.S.C.A. § 1391(b)(1) ("A civil action may be brought in ...a judicial district in which any defendant resides[.]"). Transfer would therefore place the case in a forum with personal jurisdiction and a proper venue, eliminating the threshold disputes currently before the Court.

5

Under these circumstances, the Court sees no need to resolve the Dismissal Motion before addressing the Motion to Transfer. Indeed, requiring full resolution of the jurisdictional dispute before transferring the case would elevate form over substance and needlessly delay the proceedings. Additionally, Defendant's assertion of prejudice arising from Plaintiff's initial choice of forum does not defeat transfer. To the extent Defendant sought to save fees and costs, he could have waived personal jurisdiction and venue arguments. *See Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982) ("Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived."); *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986) (noting that a party may waive their right to challenge a "defect[ ] in venue"). But he did not. Instead, he chose to contest jurisdiction and venue, and Plaintiff relented. In other words, transfer does not impose an unfair burden on Defendant, because it places the case in the very forum Defendant himself contends is appropriate. (*See* Doc. No. 11 at 8. (saying "there is a convenient forum that promotes fundamental fairness for the parties in Arizona.").)

Thus, in consideration of the unique posture of this case, which in essence reflects agreement that the matter belongs in Arizona, and considering that the last known location of the Cessna and Defendant is Arizona, the factors weigh in favor of transfer, and transfer to Arizona would serve "the convenience of parties and witnesses" and otherwise promote "the interest of justice[.]" § 1404(a).

## CONCLUSION

For the foregoing reasons the Court **ORDERS** that Plaintiff's Motion to Transfer Action to the U.S. District Court for the District of Arizona. (Doc. No. 29) is **GRANTED**. The Clerk of

6

the Court is **DIRECTED** to **TRANSFER** this civil action to the United States District Court for the District of Arizona.

Dated this 6th day of February, 2026.

BY THE COURT:

_____
Maritza Dominguez Braswell
United States Magistrate Judge

7